UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA          :
                                                              :     **ORDER**
v.                                                            :
                                                              :     S1 17 CR 505-18 (VB)
KEENAN WATTS,                               :
                              Defendant.   :
--------------------------------------------------------x

In an undated submission entitled "emergency motion for compassionate release," received by the Court on May 12, 2020, and in a letter dated May 7, 2020 (both of which will be separately docketed), defendant Keenan Watts moves for a reduction of sentence pursuant to 18 U.S.C. §§ 3582(c)(1)(A)(i) and 3624(c).[1]

Section 3624(c). The Court has no authority under Section 3624(c) to order the early release of a sentenced defendant. See, e.g., United States v. Ogarro, 2020 WL 1876300, at *6 (S.D.N.Y. Apr. 14, 2020); United States v. Rodriguez, 2020 WL 1866040, at *4 (S.D.N.Y. Apr. 14, 2020). Accordingly, to the extent the motion seeks any relief under Section 3624(c), the motion is DENIED. Defendant may wish to address any request under that statute to the Warden at his facility and/or to the Bureau of Prisons.

Section 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) authorizes the Court to reduce a term of imprisonment previously imposed for "extraordinary and compelling reasons." However, the statute contains an explicit exhaustion requirement that must be complied with prior to the filing of such a motion: "[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal

---

[1] Defendant's submissions also invoke 18 U.S.C. § 4205(g). That statute, which has been repealed, applies only to defendants who committed their offense prior to November 1, 1987, and therefore does not apply in this case.

1

a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction."

Defendant does not claim he made any effort to exhaust his administrative remedies under Section 3582(c)(1)(A) prior to submitting the instant motion. The Court does not have the power to waive that requirement. See, e.g., United States v. Ogarro, 2020 WL 1876300, at *3-5; United States v. Roberts, 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020).

By May 22, 2020, the government shall advise the Court in writing whether it is willing to waive Section 3582(c)(1)(A)'s exhaustion requirement in this case.  If the government is not willing to waive, the Court will deny the Section 3582(c)(1)(A)(i) motion without prejudice to re-filing after the exhaustion requirement has been satisfied.

Chambers will mail a copy of this Order to defendant at the following address:

Keenan Watts
Reg. No. 79444-054
FCI Schuylkill
P.O. Box 759
Minersville, PA  17954-0759

Dated: May 15, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

2