```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA,                    :
                                             :    MEMORANDUM
v.                                           :    OPINION AND ORDER
                                             :
KEENAN WATTS,                                :    17 CR 505-18 (VB)
                        Defendant.           :
--------------------------------------------------------------x
```

Now pending is defendant Keenan Watts's renewed motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) to reduce his term of imprisonment in light of the COVID-19 pandemic and the health problems currently being experienced by his wife and child. (Doc. #417).

For the following reasons, the motion is DENIED.

First, Watts's offense was exceptionally serious. On February 22, 2019, he pleaded guilty to one count of participation in a racketeering conspiracy. Specifically, Watts admitted he was a member of a violent street gang in Poughkeepsie, New York, that engaged in drug trafficking and other criminal activity. He was involved in the distribution of between 1 and 2.5 kilograms of marijuana, and possessed multiple firearms in connection with that activity as well as the gang's other criminal activities. Watts also has several prior convictions, including for robbery and burglary.

On September 12, 2019, after careful consideration of all the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offense, and the history and characteristics of the defendant, the Court sentenced Watts to twenty-four months' imprisonment, to be followed by five years of supervised release. The Court did so despite an applicable Sentencing Guidelines range of 77 to 96 months' imprisonment, in light of Watts's difficult upbringing, his good conduct while on pretrial release, and his sincere expression of remorse. This sentence was sufficient but not greater than necessary to reflect the serious nature of the offense, promote

respect for the law, provide just punishment, afford adequate deterrence, and avoid an unwarranted sentencing disparity from sentences imposed on other defendants in this case.

To date, Watts has served approximately twelve months of his sentence, or about half of the sentence imposed.[1]

Second, Watts has not demonstrated "extraordinary and compelling reasons" to warrant the extraordinary relief being sought—namely, early termination of a lawfully imposed prison sentence—taking into account critical data such as his medical history. Watts is twenty-seven years old. He is not elderly or infirm. He says he is pre-diabetic with a past history of high blood pressure, but fails to indicate how such medical issues significantly increase his likelihood of contracting COVID-19 or developing serious complications if he did. For example, although Watts may be pre-diabetic, his BOP medical records indicate he does not have diabetes.[2] His medical records further indicate his past hypertension was resolved in September 2017, and, through diet and exercise, he has maintained a controlled and healthy blood pressure since that time. Moreover, Watts's medical file indicates BOP medical staff has regularly monitored, and continues to monitor, his medical status, and that he has received, and continues to receive, adequate and attentive medical care.

Of course Watts is at risk for contracting the virus at Federal Correctional Institution ("FCI") Schuylkill, where he is currently being held. However, the Court is persuaded by the government's submission that FCI Schuylkill has taken substantial measures to respond to the COVID-19 threat at its facility, which have in fact mitigated the virus's spread, and has the

---

[1] Watts was arrested on August 17, 2017, and released on bail on November 13, 2017. After sentencing, Watts self-surrendered to the Bureau of Prisons ("BOP") on October 28, 2019.

[2] The government has provided under seal a copy of Watts's BOP medical file.

means to competently care for its inmate population.  Indeed, BOP statistics indicate there is only one confirmed active COVID-19 case among inmates and staff at the facility.[3]  Moreover, and importantly, FCI Schuylkill's handling of Watts's medical care since the commencement of his term of imprisonment is demonstrative of BOP's ability to provide adequate care to Watts, even if he were to contract COVID-19.

Watts also argues that, if released, he would return to work and help care for his son, who is being treated for Wilms' tumor, a form of kidney cancer.  Watts further argues his wife, who is asthmatic, relies on others outside the home to help care for their son while she is at work during the day.  Although unfortunate, the health conditions of Watts's family members do not constitute an "extraordinary and compelling reason" to reduce Watts's sentence.  See U.S.S.G. § 1B1.13 cmt. 1(C) (providing policy guidance on "family circumstances" which may constitute extraordinary and compelling circumstances warranting the Court's consideration to reduce an inmate's sentence:  (i) the death or incapacitation of the caregiver of defendant's minor child or children; and (ii) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only caregiver for such person).

Finally, as required by Section 3582(c)(1)(A), the Court has considered "the factors set forth in section 3553(a) to the extent that they are applicable."  The serious nature of the offense, as well as Watts's prior criminal record, warranted a twenty-four month prison sentence at the time sentence was imposed; those same factors counsel strongly against cutting that sentence by roughly half, especially in light of the substantial downward variance already imposed at sentencing.  Moreover, the sentence was designed to promote respect for the law and provide just

---

[3]   See COVID-19 Cases, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 19, 2020).

punishment. To dramatically reduce the sentence in light of the current public health crisis would neither be just nor promote respect for the law; if anything, it would promote disrespect for the law. And shortening Watts's sentence would also undermine another critical sentencing objective in this case, the need for the sentence imposed to afford adequate deterrence to criminal conduct. These sentencing factors not only supported the sentence at the time it was imposed, they also weigh strongly against Watts's early release.

Accordingly, defendant Keenen Watts's motion for a reduction of his term of imprisonment is DENIED.

Chambers will mail a copy of this Memorandum Opinion and Order to defendant at the following address:

> Keenan Watts, Reg. No. 79444-054
> FCI Schuylkill
> Federal Correctional Institution
> P.O. Box 759
> Minersville, PA 17954-0759

Dated: July 20, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge